# CIRCUIT COURT OF THE CITY OF RICHMOND

Stupp Brothers Bridge and Iron Co.

v.

Commissioner of Dept. of Highways etc.
and Edward J. Mazur

September 5, 1985

Case No. LF-657-3

By JUDGE WILLARD I. WALKER

It appears from the various memoranda of counsel that the only documents for production of which a court ruling is required are the memorandum of April 20, 1981, from Hodge to Burroughs, and an alleged VDH&T report. The court cannot be absolutely sure the report prepared by VDH&T was disclosed to the plaintiff, but I am convinced that its disclosure was inadvertent. Certainly, the memorandum of April 20, 1981, from Hodge to Burroughs was disclosed to plaintiff, but this was inadvertent. The documents at issue would ordinarily be protected under the provisions of Rule 4:1(b)(3) of the Rules of the Supreme Court of Virginia, inasmuch as they do constitute documents prepared in anticipation of litigation or for trial, and there is no showing in this case that the party seeking discovery has substantial need of the materials in the preparation of its case, or that it is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Ordinarily, therefore, these documents would not be discoverable. The question that remains with the court is whether or not the inadvertent disclosure destroys the confidentiality or nondiscoverability that would otherwise exist. Based on a reading of the memoranda of both sides, I conclude that the inadvertent disclosure does not destroy the privilege existing under Rule 4:1(b)(3), and that these documents, therefore, need not be produced by the Commonwealth.